# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2444 | **DATE** | 5/7/2008 |
| **CASE TITLE** | James Worthem (2007-0071905) vs. Michael Nolan, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $2.17 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. On the court's own motion, the complaint is dismissed as to defendant Starks pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to issue summonses for all other defendants. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Chicago police officers, violated the plaintiff's constitutional rights by conducting an unnecessarily destructive search, by using unjustified force against the plaintiff, by illegally arresting him, and by committing perjury when they testified against him.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $2.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook
**(CONTINUED)**

mjm

**STATEMENT (continued)**

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint concerning the malicious destruction of the plaintiff's household furnishings, the use of unjustified force, the arrest without probable cause or a warrant, and the alleged perjury.

However, the plaintiff's claim of malicious prosecution and the general challenge against his conviction are dismissed. A necessary element of a malicious prosecution claim is that the criminal proceedings terminated in the plaintiff's favor. *See Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007), *citing Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The plaintiff in the case at bar acknowledges that he was convicted of the criminal charges.

Nor can the plaintiff contest the conviction by way of a civil rights action. The court cannot, in the context of a civil action, either assess the legality of the plaintiff's conviction or determine his entitlement to an immediate or more speedy release from incarceration. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). "If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy." *Glaus v. Anderson*, 408 F.3d 382 386-7 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). Thus, insofar as the plaintiff contends that he was wrongfully convicted, he must file a separate petition for a writ of habeas corpus if he wishes to challenge that conviction (assuming that he can meet the requirements of 28 U.S.C. § 2254, particularly the requirement that a petitioner exhaust state court remedies prior to seeking federal habeas relief).

The plaintiff must also file a separate lawsuit if he wishes to sue correctional officials in connection with the conditions of his confinement. Any such claim does not involve a nucleus of facts in common with the plaintiff's core claims against Chicago police officers. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In addition, the complaint is dismissed as to Chicago Police Superintendent Dana Starks. The plaintiff has alleged no facts suggesting Starks's direct, personal involvement, as required by *H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Starks's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

**(CONTINUED)**

**STATEMENT (continued)**

     The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (Manning, J.), *citing Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to state any facts suggesting that Starks was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he is dismissed as a defendant in this matter.

     The clerk shall issue summonses for service of the complaint on defendants Nolan, Scott, and Ferraro. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

     The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any officer who can no longer be found at the work address provided by the plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. **The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.