UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Worthem (a.k.a. David Scott) | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 2444 |
| | ) | |
| v. | ) | Judge William T. Hart |
| | ) | |
| Michael Nolan, et al. | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

**DEFENDANT OFFICERS' MOTION TO STAY**

Defendants Michael Nolan, Joseph Ferraro, and Matthew Scott (collectively "Defendant Officers"), by and through one of their attorneys, Shneur Z. Nathan, Assistant Corporation Counsel of the City of Chicago, respectfully move pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), to stay the proceedings. In support of this motion, Defendant Officers state as follows:

1. Plaintiff filed his *pro se* complaint pursuant to 42 U.S.C. § 1983 on or about May 7, 2008, against Defendant Officers concerning the propriety of and circumstances surrounding Plaintiff's arrest on April 22, 2007.

2. At trial, on February 4, 2008, Plaintiff was found guilty of robbery, and subsequently sentenced to 20 years in the Illinois Department of Corrections. (*See* Ex. A).

3. The first challenge to Plaintiff's arrest and detention, via writ of habeas corpus, was summarily dismissed by Judge Kendall on June 27, 2008, for failure to exhaust state court remedies. (*James Worthem v. Director Roger E. Walker, Jr.*, 08 C 3200, *See* Ex. B.).

4. Tellingly, Plaintiff's failed habeas petition was predicated on the same allegations set forth in Plaintiff's complaint. Those allegations are: (1) the police illegally searched Plaintiff's home; (2) arrested him without a warrant or probable cause; (3) the state committed *Brady* violations; (4)

1

excessive force was used "in/out of the courtroom;" and (5) ineffective assistance of counsel. (*See James Worthem v. Director Roger E. Walker, Jr.*, 08 C 3200, Doc. #1 at 5-6; Ex. B).

5.      The latest challenge to Plaintiff's arrest and detention however, is currently pending before the Illinois Court of Appeals under the docket number of 08-1308. (*See* Ex. C).

6.      Defendant Officers bring this motion to stay the instant civil proceeding until the Plaintiff's underlying criminal appeal has concluded.

7.      Federal Courts should not entertain a claim for damages under § 1983 if disposition of that civil action would involve ruling on issues in dispute in a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Hudson v. Chicago Police Department, et al.*, 860 F.Supp. 521, 523 (N.D. Ill. 1994); *see also Johnson v. City of Chicago*, 712 F.Supp. 1311, 1317 (N.D. Ill. 1989); *Feaster v. Miksch*, 846 F.2d 21, 24 (6th Cir.) *cert denied*, 109 S. Ct. 148 (1988); *see also Davit v. Davit*, 366 F.Supp.2d 641, 653 n. 10 (N.D. Ill 2004) (the *Heck* doctrine operates to bar matters currently pending before Illinois courts on appeal).

8.      Under the doctrine set forth in *Younger v. Harris* and its progeny, federal courts, except in extraordinary circumstances, are prohibited from interfering with ongoing state criminal proceedings in deference to principles of equity, comity, and federalism. *Younger*, 401 U.S. at 53 (1971); *State of Indiana v. Haws*, 131 F.3d 1205 (7th Cir. 1997).

9.      The issues raised in Plaintiff's latest challenge to his conviction, the instant complaint, are necessarily interrelated with the ongoing state criminal proceedings. The actions of the Defendant Officers in arresting Plaintiff constitute the foundation and context of the events alleged by the state in the underlying criminal case and Plaintiff's complaint.

10.     Furthermore, some or all of Plaintiff's claims may be precluded by the outcome of the criminal proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (damages unavailable to convicted felon if it "would necessarily imply the invalidity of his conviction or sentence.")

Therefore, the Court should decline to hear these issues until Plaintiff's criminal appeal is completed.

11.     Finally, as a matter of equity, proceeding at this point with a § 1983 action is unfair to all parties involved.  It is unfair to Defendant Officers because any reasonable attempts to proceed with discovery (including the deposition of Plaintiff and interrogatories to Plaintiff) would be thwarted by Plaintiff's invocation of his Fifth Amendment privileges against self-incrimination.  It is also unfair to Plaintiff because if he invokes his privilege against self-incrimination, he will be unable to respond factually to any motion by Defendant Officers for summary judgment.

12.     There will be no prejudice to Plaintiff in this case if this matter is stayed until his underlying criminal appeal is resolved.

WHEREFORE, Defendant Officers respectfully request that the proceedings in this case be stayed until the criminal proceeding is resolved.

Respectfully submitted,

/s/ *Shneur Z. Nathan*

SHNEUR Z. NATHAN
Attorney for Defendant Officers
Assistant Corporation Counsel

Shneur Z. Nathan
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 6294495

3

**CERTIFICATE OF SERVICE**

      I, Shneur Z. Nathan, an attorney, hereby certify that on July 1, 2008, I caused Defendant Officers' Motion to Stay to be served upon the *pro se* Plaintiff by filing the same before the Court via the ECF system and sending a copy via U.S. Mail to the address listed below:

**James Worthem a.k.a. David Scott**
**(Inmate No. B12624)**
Illinois River Correctional Center
Route 9 West
P.O. Box 1900
Canton, Illinois 61520

                                                                      /s/ *Shneur Z. Nathan*
                                                                       Shneur Z. Nathan

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Worthem (a.k.a. David Scott) ) | |
| ) | |
| Plaintiff ) | Case No. 08 C 2444 |
| ) | |
| v. ) | Judge William T. Hart |
| ) | |
| Michael Nolan, et al. ) | Magistrate Judge Nan Nolan |
| ) | |
| Defendants. ) | Jury Trial Demanded |

# Exhibit A

```
CASE: 07CR0971101 S   (START OF FELONY CASE)        PAGE: 001 OF  026        P
 Defendant Name: JAMES          WORTHEM
GENERAL INFORMATION
  CB: 016868291 IR: 0744098 SID: 025583930 FBI: 493279EA1 RD: HN299061

ATTORNEY INFORMATION      -- NO ATTORNEYS ASSOC W/CASE --

CHARGE INFORMATION

NBR A TYPE CLASS CHAPTER/SECTION                    DESCRIPTION
001     F    2    720-5/18-1(a)                     ROBBERY


DISPOSITION INFORMATION


050407-
 IND/INFO-CLK OFFICE-PRES JUDGE     052107              1701
 CLERK'S OFFICE 26TH & CALIFORNIA            0900 AM




Enter=Continue PF3=Return PF7=Bkwrd PF8=Frwd PF10=Reset PF12=Print Clear=E
=> Print The Following Pages PAGE: 001 THRU 026 Destination ____
```

```
CASE: 07CR0971101 S   (START OF FELONY CASE)         PAGE: 016 OF  026      PROD
   DEFENDANT NAME: JAMES           WORTHEM
020408-
JURY WAIVED                          000000
MORAN, JOHN J.
ROOM 108       SKOKIE

020408-
FINDING OF GUILTY                    000000              C001
MORAN, JOHN J.
ROOM 108       SKOKIE

020408-
BAIL REVOKED                         000000
MORAN, JOHN J.
ROOM 108       SKOKIE

020408-
PRE-SENT INVEST. ORD, CONTD TO       000000
MORAN, JOHN J.
ROOM 108       SKOKIE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 026 DESTINATION ____
```

Date: 5/29/2008 Time: 08:09:47 PM

```
CASE: 07CR0971101 S  (START OF FELONY CASE)        PAGE: 022 OF  026         PROD
   DEFENDANT NAME: JAMES        WORTHEM
050808-
JGMT ON FINDING/VERDICT/PLEA          000000              P
MORAN, JOHN J.
ROOM 108       SKOKIE


050808-
DEF SENTENCED ILLINOIS DOC            000000              C001
MORAN, JOHN J.                                    020 YRS
ROOM 108       SKOKIE


050808-
CREDIT DEFENDANT FOR TIME SERV        000000
MORAN, JOHN J.                                    381 DY
ROOM 108       SKOKIE


050808-
DEF ADVISED OF RIGHT TO APPEAL        000000
MORAN, JOHN J.
ROOM 108       SKOKIE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 026 DESTINATION ____
```

Date: 5/29/2008 Time: 08:09:53 PM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Worthem (a.k.a. David Scott) | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 2444 |
| | ) | |
| v. | ) | Judge William T. Hart |
| | ) | |
| Michael Nolan, et al. | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

# Exhibit B

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3200 | **DATE** | June 27, 2008 |
| **CASE TITLE** | U.S. ex rel. James Worthem a/k/a David Scott (#B-12624) vs. Roger Walker, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner has failed to exhaust state court remedies prior to seeking federal habeas corpus relief. Accordingly, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated. The petitioner's motion for appointment of counsel [#4] is denied as moot. The petitioner is reminded, for future reference, that he is required to provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]                              Docketing to mail notices.

## STATEMENT

James Worthem, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his February 2008 conviction for robbery on the grounds that: (1) the police illegally searched the petitioner's home; (2) police arrested the petitioner without probable cause or a warrant; (3) petitioner's defense counsel was ineffective; and (4) the trial judge was biased against the petitioner for pressing charges against a courtroom bailiff who had allegedly assaulted the petitioner.

By Minute Order of June 5, 2008, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why the petition should not be stayed or summarily dismissed for failure to exhaust state court remedies prior to filing suit.

As discussed in the court's prior order, an inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Here, the petitioner's rambling response discusses various alleged deficiencies relating to his arrest and criminal prosecution; however, he does not address the exhaustion issue. Because the petitioner has failed to demonstrate that he has exhausted state court remedies either through direct appeal or by way of a post-conviction petition, his federal habeas petition is not ripe for review.

For the foregoing reasons, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated.

mjm

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Worthem (a.k.a. David Scott) | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 2444 |
| | ) | |
| v. | ) | Judge William T. Hart |
| | ) | |
| Michael Nolan, et al. | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

# Exhibit C

```
CASE: 07CR0971101 S  (START OF FELONY CASE)           PAGE: 025 OF 026        PROD
  DEFENDANT NAME: JAMES        WORTHEM
051908-
COMMON LAW RECORD PREPARED            000000
         TWO (2) VOLUMES CLR
CLERK'S OFFICE 26TH & CALIFORNIA


051608-
ILL STATE APPELLATE DEF APPTD         000000
BIEBEL, PAUL JR.
ROOM 405         26TH & CALIFORNIA


051608-
O/C FREE REPT OF PROCD ORD N/C                            08-1308
BIEBEL, PAUL JR.
ROOM 405         26TH & CALIFORNIA


052108-
APPELLATE COURT NUMBER ASGND          000000              08-1308
CLERK'S OFFICE 26TH & CALIFORNIA


ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 026 DESTINATION ____
```

Date: 5/29/2008 Time: 08:09:58 PM