IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES WORTHEM, )
)
      Plaintiff, )
)
v. ) No. 08 C 2444
)
MICHAEL NOLAN, ET AL. )
)
      Defendants. )

# OPINION AND ORDER

Plaintiff James Worthem brings this action to recover for deprivation of constitutional and state law rights against defendant Chicago police officers Michael Nolan, M. R. Scott, J. Ferraro, Ralph Benavides, Matthew Ripley, J.J. Murphy, Detective Y. Badge #20871, Detective R. H. Badge #17921, E. Oswald, and C. Saladino, the City of Chicago, and Assistant Appellate Defenders Michael Bennett and Michael Wilson. The court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

Before the court are two motions pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Oswald and Saladino contend that this action is time-barred as to them. Defendants Bennet and Wilson contend that Counts VIII and IX fail to state

a cause of action for willful and wanton misconduct within the meaning of the Public and Appellate Defender Immunity Act, 745 ILCS 19/5.

## Criminal Proceedings[1]

Following a bench trial in the Circuit Court of Cook County, Illinois, Worthem was found guilty of robbery and sentenced as a Class X offender to 20 years' imprisonment. The trial court denied a motion to quash his arrest and suppress evidence and found that the officers had probable cause to arrest Worthem based on the evidence known to the officers at the time.

The facts, as stated in state court opinions as they pertain to Worthem's arrest, relate a robbery of Concepcion[2] Solis on April 22, 2007. Solis was walking on the 3900 block of West Grand Avenue in Chicago when she noticed that she was being followed by a man and a woman. When she reached the intersection of LeMoyne Street and Pulaski Road, the man pushed her to the ground and snatched her purse. Solis chased the offender. She saw the woman who had previously

---

[1] The court may take notice of the public record of the criminal proceedings leading to this case without converting a motion to dismiss into a motion for summary judgment. **Henson v. CSC Credit Serv.**, 29 F.3d 280, 284 (7th Cir. 1994).

[2] The Second Amended Complaint alleges her name is "Concep**t**ion," but state court records support the correct spelling is "Concep**c**ion."

been following her assist the man into the rear gate of the building at 3958 Grand Avenue. The woman came out of the building and asked Solis if they could "settle in a good way." Solis fled and called the police.

When the police arrived, Solis told them what had happened--as best she could, since she spoke little English and the officers spoke no Spanish--and took them to the apartment building at 3958 Grand Avenue. The female offender was still on the street. Officer Nolan detained her and called for a Spanish-speaking officer. Solis described the man who robbed her as a 40-year-old white male, between 5'9" and 5'10" inches tall weighing 198 pounds. The female offender, identified as Anita Garcia, told Nolan that she lived in an apartment at 3958 West Grand Avenue with her boyfriend, James Worthem. Officer Nolan obtained a photograph of James Worthem on his squad car computer. Garcia identified James Worthem as her boyfriend. Solis did not make a photo identification at that time. Officer Nolan wrote a police report, in which he stated that a "possible offender" was a "white male in his forties" who "matches description, Worthem James." He turned his report over to detectives for further investigation.

On the following day, Officer Scott was assigned to investigate the robbery. After reading the police reports and speaking with detectives, he went to

the area to search for the offender. He saw Worthem and placed him under arrest. At the police station, Solis identified Worthem in a police lineup. After being given *Miranda* warnings, Worthem made an inculpatory statement.

Later, the police discovered Solis's purse on the roof of the building at 3958 West Grand Avenue.

An indictment was returned on May 4, 2007. Plaintiff was found guilty on February 4, 2008.

On direct appeal, defendant contented that the State violated ***Brady v. Md.***, 373 U.S. 83 (1963), and Illinois Supreme Court Rule 412 when it failed to produce a photo array viewed by the victim. A panel of the Illinois Appellate Court affirmed, holding that the State could not be found at fault for failing to produce what it did not possess. The opinion also states that the trial court found that the police had probable cause for the arrest of plaintiff. The conviction was affirmed. ***People v. Worthem***, 398 Ill. App. 3d 1106, 988 N.E.2d 1125 (1st Dist.) (unpublished), *appeal denied*, 237 Ill.2d 588, 938 N.E.2d 530 (2010), *cert. denied*, 131 S. Ct. 1004 (2011).

After his direct appeal, Worthem filed a post-conviction petition under the Post-Conviction Hearing Act *(*"the Act")*,* 725 ILCS 5/122, in which he

asserted that he was arrested without probable cause and that his appellate counsel was ineffective for failing to raise the issue on direct appeal. The Act provides a means by which a defendant may challenge his conviction for substantial deprivation of federal or state constitutional rights. It is a collateral attack on a prior conviction. The Act creates a three-stage procedure. At the second stage of proceedings, which was the point at which the trial court ruled, the Circuit Court must determine whether the petition and any accompanying documentation is sufficient to make a substantial showing of a violation of rights. In order to move to the third-stage evidentiary hearing, the petition must be supported by the record. After hearing arguments by both parties, the Circuit Court dismissed the petition.

Worthem appealed the dismissal of his post-conviction petition to the Illinois Appellate Court. A different panel of the Appellate Court resolved a claim of ineffective assistance of counsel under the standard set forth in **Strickland v. Washington**, 466 U.S. 668 (1984). The Court held Worthem made a sufficient showing that there was not probable cause to permit his warrantless arrest and that he was prejudiced by appellate counsel's failure to raise the issue on direct appeal. The Appellate Court remanded the case to the Circuit Court to hold a third-stage

evidentiary hearing on Worthem's post-conviction petition. ***People v. Worthem***, 2013 IL App (1st) 121474-U, 2013 WL 6576047 (1st Dist. Dec. 12, 2013).

On remand to the Circuit Court, after a third-stage hearing, the Circuit Court found ineffective assistance of counsel because counsel failed to raise on direct appeal the absence of probable cause to permit a warrantless arrest. The court granted the post-conviction petition for a new trial. ***People v. Worthem***, No. 07-CR-09711 (Cir. Ct. Cook Cty., Ill. Oct. 31, 2014).

When the criminal case against Worthem was called for a new trial, the Assistant State's Attorney made the following statement to the court:

> MS. SHERIDAN: Your Honor, when this case was remanded, the State assigned an investigator to find our complaining witness, Concepcion, C O N C E P I O N [sic], Solis, S O L I S. Ms. Solis testified at trial against Mr. Worthem. Your Honor, the investigator reports that he was not able to find the victim after conducting an extensive search, that, based upon his investigation, he believes that the victim, Ms. Solis, has moved back to Central America. Because the State can no longer secure our victim, we cannot meet our burden in this case. It would be motion State nolle.
> For the record, your Honor, the People's motion is not based on any undisclosed benefit to the defendant or any other consideration. It is based on the fact that we cannot meet our burden.

Jan. 22, 2015 Tr. at 2-3 [ECF 124].

Based on the State's motion *nolle prosequi*, the case against Worthem was dismissed on January 22, 2015.

**Civil Proceedings**

On April 29, 2008, plaintiff filed a *pro se* action in this court. On July 9, 2008, defendants' motion to stay this action until Worthem's criminal proceedings were concluded was granted. ECF 21. Although the federal case was stayed, to avoid statute of limitations problems, on October 30, 2008, plaintiff was permitted to amend to add additional defendants. ECF 27. Subsequently, plaintiff was directed to refrain from filing further motions during the pendency of the stay. Order dated Nov. 24, 2008 [ECF 36]. On October 30, 2009, plaintiff was informed that if he sought to add additional defendants, he must submit an amended complaint. ECF 124. On December 4, 2009, leave to amend was denied for failure to comply with Fed. R. Civ. P. 8(a)(2). ECF 51. On February 16, 2011, the case was dismissed without prejudice and with leave to move to reinstate within 30 days after completion of post-conviction proceedings and any timely habeas corpus proceeding. ECF 68.

On February 12, 2015, the stay was lifted and the federal case was reopened. Plaintiff was now represented by counsel and was given leave to file an

amended complaint. ECF 80. Thereafter, on March 12, 2015, the Second Amended Complaint was filed adding defendants Saladino, Oswald, Bennett, and Wilson.

## Saladino's and Oswald's Motion

Defendants Saladino and Oswald state they were joined as defendants in this action in Counts III, IV, and V on March 12, 2015, over eight years after plaintiff was arrested and long after the expiration of the applicable statue of limitations. These three counts are pursuant to 42 U.S.C. §1983 and are for false arrest, failure to intervene, and conspiracy in violation of the federal Constitution. Saladino and Oswald contend that the action is time-barred as to them.

The appropriate statute of limitations for § 1983 actions is the limitation for personal injury actions in the forum state where the alleged constitutional violation occurred. **Wallace v. Kato**, 549 U.S. 384, 387 (2007). In Illinois, the period is two years. 735 ILCS § 5/13-202; **Bryant v. City of Chicago**, 746 F.3d 239, 241 (7th Cir. 2014) (*per curiam*).

When federal courts borrow the state statutes of limitations, as they do for Section 1983 claims, they also borrow any applicable state tolling provisions. **Bryant**, 746 F.3d at 843; **Smith v. City of Chicago Heights**, 951 F.2d 834, 839-40

(7th Cir. 1992).  In Illinois, the stay-of-action statute applies to toll the statue of limitations when a court order stays the proceedings or discovery.  735 ILCS 5/13-216; **Blanchard v. Weis**, 2013 WL 3287115 *1 (N.D. Ill. June 24, 2013); **Ruffin v. Kane Cty. Sheriff Dep't**, 2006 WL 2088186 *19 (N.D. Ill. July 21, 2006); **Pettiford v. Sheahan**, 2002 WL 1433503 *2 (N.D. Ill. July 2, 2002).

Plaintiff brought this action *pro se* while in custody.  Although amendments to add additional defendants were initially allowed, plaintiff was not able to pursue discovery.  This is not a case in which the tolling statue should be given a narrow construction because plaintiff may have been aware of conduct on the part of either of the moving defendants.  The motion to dismiss the action as time-barred will be denied.

### Bennett's and Wilson's Motion to Dismiss

Count IX of the Second Amended Complaint alleges a legal malpractice claim against appellate defenders Bennett and Wilson for ineffective assistance in failing to argue on direct appeal that there was an absence of probable cause to effect a warrantless arrest of Worthem.  In his response to defendants' motion to dismiss, plaintiff agrees to dismiss defendant Bennett, stating he does not have

sufficient information to characterize Bennett's conduct as willful or wanton. ECF 112 at 1, n.1.[3]

Defendants state that, except for willful and wanton misconduct, they have immunity from suit under the Public and Appellate Defender Immunity Act, 745 ILCS 19/5.  State rules of immunity are applicable to state law claims brought in a federal court.  ***Benning v. Bd. of Regents of Regency Univs.***, 928 F.2d 775, 779 (7th Cir. 1991).  The Immunity Act provides that appellate defenders shall not be liable "by reason of legal or professional malpractice, except for willful and wanton misconduct."

The issue presented is whether plaintiff has alleged facts sufficient to state a cause of action that is "plausible on its face."  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (quoting ***Bell Atl. v. Twombly***, 550 U.S. 544, 570 (2007)).  Facial plausibility is sufficient only if there is sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Bissessur v. Ind. Univ. Bd. of Trs.***, 581 F.3d 599, 602 (7th Cir. 2009) (quoting ***Iqbal***, 556 U.S. at 663).

---

[3]In Count VIII of the Second Amended Complaint, plaintiff alleges that the Office of the Illinois Appellate Defender is liable for the acts of the defendants, but does not otherwise name that entity as a defendant.  Based on the ruling made with respect to Count IX, that aspect of Count VIII will be stricken.

The facts relating to the malpractice claim are fully stated in the state court opinions. There was a disagreement among counsel as to what arguments should be raised on direct appeal. Attorney Wilson informed Worthem of the disagreement and wrote to him as follows:

> I'm sorry that we could not come to an agreement as to your issue regarding the trial court's denial of the motion to quash arrest and suppress statements. As I told you on the phone, my supervisor has instructed me to leave this issue out of the brief because he feels that it does not have sufficient merit and because its presence in the brief will detract from your stronger discovery issue. However, as we discussed on July 31st, you have the option of attempting to file a supplemental brief, addressing any issues that you feel strongly about.

***Worthem***, 2013 WL 6576047 at *9.

Plaintiff filed a motion to file a supplemental brief which was denied. Thereafter, Wilson wrote the plaintiff as follows:

> Please find enclosed [the] appellate court order. Unfortunately, the appellate court denied your motion for leave to file a supplemental brief. As you can see, the appellate court's decision is not based on the fact that you failed to provide nine copies required under [the] Supreme Court Rule[s]. They just simply denied it. You still have options. As I explained to you during our phone conversations, even though your direct appeal has not yet been decided, you may immediately file a postconviction petition alleging all of the errors that occurred on or off the

> record during the entire prosecution, including pretrial, trial and direct appeal errors. One of the errors that I believe you will want to allege is my ineffectiveness for failing to raise the issues that you attempted to raise in your supplemental brief.

***Id.***

Wilful and wanton conduct has been defined as a course of action which shows actual or deliberate intent to harm or which, if the course of action is not intentional, shows an utter indifference to or conscious disregard for a person's own safety or the safety, property, or rights of others. ***Pfister v. Shusata***, 167 Ill. 2d 417, 657 N.E.2d 1013, 1016 (1995); ***Holland v. Schwan's Home Serv., Inc.***, 2013 IL App (5th) 110,560, 992 N.E.2d 43, 81 (5th Dist. 2013); ***Gomez v. The Finishing Co.***, 369 Ill. App. 3d 711, 861 N.E.2d 189, 196 (1st Dist. 2006).

The facts with respect to ineffective assistance of counsel do not disclose intent to harm or utter indifference. Rather, there was a disagreement as to what points were best to be argued on appeal. The disagreement was disclosed to Worthem. He was told how to raise the issue of probable cause on his own in a separate filing which he did. He was also told how to raise the same issue, along with an ineffective assistance claim, in post-conviction proceedings. Plaintiff's post-conviction petition prevailed on appeal and on remand. There is no basis to

argue that the ineffective assistance of counsel found by the state courts constitutes willful and wanton conduct.

IT IS THEREFORE ORDERED that defendants Bennett's and Wilson's motion to dismiss [102] is granted. Defendants Oswald's and Saladino's motion to dismiss [107] is denied. Count IX of the Second Amended Complaint is dismissed and defendants Bennett and Wilson are dismissed from this action. References to the Illinois Appellate Defender contained in paragraphs 54 and 55 of the Second Amended Complaint are stricken. Within two weeks, defendants Oswald and Saladino shall answer the Second Amended Complaint. A status hearing is set for August 13, 2015 at 2:00 p.m.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: JULY 16, 2015